23CA1429 Peo v Sepulveda 11-21-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1429
Larimer County District Court No. 21CR884
Honorable Susan Blanco, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Ramon Sepulveda,

Defendant-Appellant.

ORDER VACATED

Division VII
Opinion by JUDGE PAWAR
Tow and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 21, 2024

Philip J. Weiser, Attorney General, Marixa Frias, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Ramon Sepulveda, Pro Se

¶ 1    Defendant, Ramon Sepulveda, appeals the district court's order denying his motion for return of seized property.  Because we conclude that the court lacked subject matter jurisdiction, we vacate the order.

## I.    Background

¶ 2    Sepulveda pleaded guilty to one count of distribution of a controlled substance and one special offender count, in exchange for the dismissal of multiple other drug-related counts.  In June 2022, the district court sentenced him to concurrent twenty-year terms in prison on each of the two counts to which he pleaded guilty.

¶ 3    Sepulveda did not directly appeal his conviction or sentence, nor did he file a motion for postconviction relief.  Rather, in April 2023, he filed a "MOTION FOR THE COURT TO ORDER THE RETURN OF THE DEFENDANT'S PROPERTY."  In it, he requested the return of a laptop, smart phone, clothing, photos, and miscellaneous personal effects.

¶ 4    The prosecution objected to the motion.  It stated that a codefendant still had a pending case, which required preservation of the evidence.

¶ 5     The district court agreed with the prosecution and denied Sepulveda's motion.

## II.    Analysis

¶ 6     Sepulveda contends that the district court erred by denying his motion to return seized property because the prosecution did not present "adequate proof" that the seized property was being used in another criminal investigation, and the court did not conduct a hearing.  The Attorney General counters that the order should be vacated because the district court did not have subject matter jurisdiction over the motion.  We agree with the Attorney General.

¶ 7     We review de novo whether a court has jurisdiction.  *Strepka v. People*, 2021 CO 58, ¶ 14.

¶ 8     "[A] district court may address a motion for return of property only if it has jurisdiction over the case."  *Id.* at ¶ 13.  With respect to a post-sentence motion for return of lawfully seized property — like the one Sepulveda filed here — our supreme court clarified when a district court has jurisdiction over such motions in *Woo v. El Paso County Sheriff's Office*, 2022 CO 56.

¶ 9 In *Woo*, our supreme court held that if a district court has subject matter jurisdiction over a criminal case, it may exercise ancillary jurisdiction over a defendant's motion to order law enforcement to return lawfully seized property. *Id.* at ¶ 40. But the jurisdiction is not perpetual. The district court "retains subject matter jurisdiction over a criminal case until the deadline to lodge a direct appeal expires or a direct appeal is timely perfected." *Id.* at ¶ 42. If the defendant does not appeal, and the deadline to appeal expires, the district court is divested "of authority to act on matters that affect the judgment," including motions for the return of seized property. *Id.* at ¶ 37. However, the court may "reacquire[] such jurisdiction following a direct appeal, during postconviction proceedings, or after any appeal related to those proceedings." *Id.* at ¶ 42.

¶ 10 Here, Sepulveda neither appealed nor filed a motion for return of property before the deadline to do so expired. Therefore, the district court lost jurisdiction after the forty-nine-day deadline to appeal expired in July 2022. *See* C.A.R. 4(b)(1) (except when additional time is granted, criminal defendants have forty-nine days "after entry of the judgment or order appealed from" to file a notice

of appeal). And although *Woo* held that the district court may reacquire jurisdiction to act on a motion for return of property during postconviction proceedings, Sepulveda did not file a motion for postconviction relief under Crim. P. 35.

¶ 11    Because the district court lacked jurisdiction to decide Sepulveda's motion for return of seized property, we vacate the court's order.

## III.    Additional Claims

¶ 12    To the extent Sepulveda raises issues on appeal that he did not raise in the district court — such as a violation of his constitutional rights — we decline to address any such issues. *See People v. Cali*, 2020 CO 20, ¶ 34.

## IV.    Disposition

¶ 13    The order is vacated.

JUDGE TOW and JUDGE SCHUTZ concur.